UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CATHERINE S. DEBAKKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-11 |
| | ) | (VARLAN/SHIRLEY) |
| HANGER PROSTHETICS & ORTHOTICS | ) | |
| EAST, INC. and MARK G. TURNER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This civil action is before the Court on plaintiff's Motion to Strike [Doc. 34]. Defendant Hanger Prosthetics & Orthotics East, Inc. ("Defendant Hanger") has responded [Doc. 37], and plaintiff has filed a reply [Doc. 38]. Plaintiff's motion to strike is now ripe for the Court's consideration.

**I.   Background**

Plaintiff filed a complaint against Defendant Hanger and Mark G. Turner in the Circuit Court for Anderson County, Tennessee [Doc. 1-1], which Defendant Hanger timely removed to this Court [Doc. 1].

Plaintiff filed a Motion to Strike [Doc. 4] and a Brief in Support of Motion to Strike [Doc. 5] asserting that the portions of Defendant Hanger's answer alleging fault against unidentified nonparties should be stricken under *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785 (Tenn. 2000). Defendant Hanger's response [Doc. 8] asserts that plaintiff's motion to strike was untimely, and that this case was controlled not by *Brown*, but by *Snyder*

*v. LTG Lufttechnische GmbH*, 955 S.W.2d 252 (Tenn. 1997), which defendant contended permits allegations against nonparties in products liability cases. Plaintiff filed a reply [Doc. 9] acknowledging the untimeliness of the motion to strike, but noting that the Court retained authority to strike defective defenses at any time, and arguing that *Brown* distinguished *Snyder*. The Court previously denied plaintiff's motion to strike as untimely, but struck the allegations against unidentified nonparties in Defendant Hanger's answer upon the Court's own consideration of those allegations [Doc. 13].[1]

Plaintiff filed a Motion to Amend Complaint [Doc. 21] requesting permission to "amend paragraphs four and six of her complaint to more accurately reflect the time frame of her receipt of her leg braces that are the subject of this lawsuit," and to "increase her ad damnum" because she "has not been able to return to work as a result of the subject accident, and her treating physicians do not now expect that she will be able to return." The Court granted plaintiff's motion [Doc. 23], and plaintiff filed an Amended Complaint [Doc. 25], to which Defendant Hanger has filed an answer [Doc. 31].

Plaintiff filed a second Motion to Strike [Doc. 34] and Brief in Support of Motion to Strike [Doc. 35], asserting that the portions of Defendant Hanger's answer to plaintiff's amended complaint alleging fault against unidentified nonparties, and alleging negligence

---

[1] Noting that defendant Turner had filed an answer alleging the same defenses to which plaintiff objected, the Court struck those allegations from defendant Turner's answer as well.

and fault on the part of plaintiff's employer, should be stricken.² Defendant Hanger filed a Response in Opposition to Plaintiff's Motion to Strike [Doc. 37] on March 3, 2009, arguing that:

(1) Defendant Hanger included a general allegation of comparative fault only to put plaintiff on notice that third-party tortfeasors may exist and that Defendant Hanger might formally allege fault against them if and when they are identified during the discovery process;

(2) Reference to "acts of third persons" in paragraph 34 of its answer relates to its defense of intervening and superseding cause, which is a viable defense in negligence and other actions; and

(3) Defendant Hanger did not allege that plaintiff's employer was at fault in causing the injuries alleged in the Complaint.

Plaintiff filed a Reply to Defendant's Response to Motion to Strike [Doc. 38] reasserting its argument that Defendant Hanger's allegations of comparative fault against nonparties were insufficient as a matter of law.

The Court has carefully considered the pending motion, memorandum, response, reply, and pleadings in light of the applicable law. For the reasons set forth herein, plaintiff's motion will be granted.

## II. Standard of Review

Federal Rule of Civil Procedure 12(f) provides that the court may, on its own or upon the motion of a party, "strike from a pleading an insufficient defense or any redundant,

---

²The Court notes that since the filing of plaintiff's motion to strike, defendant Turner has filed an Answer to Amended Complaint [Doc. 39] raising the same defenses as those in defendant Hanger's answer to which plaintiff objects.

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It is well settled that motions to strike are disfavored and should be granted only when "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (2d ed. 1990). Striking a pleading is considered "a drastic remedy to be resorted to only when required for the purposes of justice," and it "should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). A motion to strike should be granted "only when the pleading to be striken [*sic*] has no possible relation to the controversy." *Id.* Mindful of these principles, this Court proceeds cautiously in reviewing a motion to strike.

When a federal court exercises diversity jurisdiction, it is axiomatic that the court must apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Court thus applies the substantive law of Tennessee in resolving the merits of this case.

**III. Analysis**

Plaintiff has moved to strike two portions of Defendant Hanger's answer: that portion alleging fault against unidentified nonparties, and that portion alleging negligence and fault against plaintiff's employer. The Court addresses each portion in turn.

4

### A. Allegations of Fault Against Unidentified Nonparties

Plaintiff has moved to strike the portions of paragraph 33 in Defendant Hanger's answer to plaintiff's amended complaint that refer to "acts of third persons" and proximate causation brought about by unidentified nonparties [Docs. 34, 35]. Plaintiff also moved to strike paragraph 34 of Defendant Hanger's answer to the amended complaint [Docs. 34, 35], which purports to preserve a comparative fault defense by asserting "acts of third persons" as a bar to plaintiff's claim "to the extent proven applicable through subsequent discovery and investigation" [Doc. 31]. Finally, plaintiff has moved to strike paragraph 35 of Defendant Hanger's answer to the amended complaint [Docs. 34, 35], which explicitly asserts a comparative fault defense [Doc. 31].

Defendant Hanger responds that it included these "general allegation[s] of comparative fault so that [p]laintiff would be on notice that potential third-party tortfeasors might exist," and that Defendant Hanger "will move to formally allege the fault of those third-party tortfeasors if and when they are identified through the discovery process or investigation" [Doc. 37]. Defendant Hanger further argues that the challenged language in paragraphs 33 and 34 of its answer "assert the defense . . . of intervening/superseding cause, which, if revealed through the discovery process, would be the act of a third person" [Doc. 37].

The Court previously addressed this issue in its order when it struck language from Defendant Hanger's answer attributing fault to unidentified nonparties that is nearly identical

to the language from Defendant Hanger's previous answer [Doc. 13].³ In so ruling, this Court relied on the holding in *Brown* that "unless [a] nonparty is identified sufficiently to allow the plaintiff to plead and serve process on such a person . . . the trial court should not permit the attribution of fault to the nonparty." *Brown*, 12 S.W.3d at 788. This holding is just as applicable today as it was when Defendant Hanger filed its answer to plaintiff's initial complaint. Accordingly, Defendant Hanger's allegations of fault on the part of unidentified nonparties are not proper, and should be stricken from Defendant Hanger's answer to plaintiff's amended complaint.⁴

---

³*Compare* paragraph 35 of Defendant Hanger's answer to plaintiff's amended complaint [Doc. 31] *with* paragraph 12 of Defendant Hanger's answer to plaintiff's original complaint [Doc. 3]. Paragraph 35 is identical to paragraph 12, except that plaintiff has added the following language to paragraph 35: "This Defendant relies on the doctrine of comparative fault as adopted by the Tennessee Supreme Court in McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), and avers that Plaintiffs' [*sic*] alleged injuries were caused or contributed to by factors other than the allegations made against this Defendant," and "including but not limited to the plaintiff in the event the jury determines [plaintiff] was not using her brace properly or otherwise failed to take reasonable measures to prevent the fall" [Doc. 31]. This language simply elaborates on Defendant Hanger's comparative fault defense.

⁴Defendant Hanger's argument that its "intent as to third-party tortfeasors in Paragraph 35 of its Answer was only to notify [p]laintiff of this defense and of Hanger's intent to pursue it" [Doc. 37] is unavailing. As plaintiff correctly points out, providing notice that a defense might be raised is tantamount to providing no notice at all. If Defendant Hanger later wishes to amend its answer to raise this stricken defense based upon its findings during the discovery process, it may file a motion at that time.

In addition, Defendant Hanger is correct in arguing that a defendant can and should plead the affirmative defense of intervening and superseding cause if he intends to raise it at trial, *see Godbee v. Dimick*, 213 S.W.3d 865, 883 (Tenn. Ct. App. 2006). The mere fact that a defendant pleads this defense, however, does not relieve him of the requirement that he identify the party whose actions give rise to the alleged intervening and superseding cause, *see Brown*, 12 S.W.3d at 788.

6

### B. Allegations of Negligence and Fault Against Plaintiff's Employer

Plaintiff has also moved to strike paragraph 37 of Defendant Hanger's answer to the amended complaint. This paragraph provides, in full, that:

> With respect to whatever portion, if any, of the damages sought herein represents workers' compensation or similar benefits paid to the Plaintiff, this Defendant avers that her employer was guilty of negligence or fault which proximately caused the injuries and damages alleged in the Complaint and such employer, or its insurer, should not recover any of such benefits by way of subrogation because of such negligence or fault.

[Doc. 31]. Plaintiff contends that this language should be stricken under *Troup v. Fischer Steel Corp.*, 236 S.W.3d 143, 144, 151 (Tenn. 2007), which held that a defendant may not allege the comparative fault of a plaintiff's employer who is covered under the Workers' Compensation Law. Defendant Hanger responds that plaintiff misapprehends the purpose of paragraph 37, which is not to allege fault on the part of plaintiff's employer, but instead to prevent plaintiff's employer from seeking subrogation of any worker's compensation benefits paid to plaintiff to the extent that plaintiff's employer was negligent or otherwise caused the injuries and damages alleged by plaintiff [Doc. 37].

Plaintiff is correct in asserting that, under *Troup*, a defendant may not argue the comparative fault of a plaintiff's employer who is covered under the Workers' Compensation Law [*See* Docs. 34 and 35]. Defendant Hanger is also correct in asserting that, under *Troup*, a defendant may argue that a plaintiff's employer was the sole cause-in-fact of plaintiff's injuries [*See* Doc. 37]. Defendant Hanger is not correct, however, in asserting that plaintiff's "employer should not be allowed to seek subrogation of [Workers' Compensation] benefits

7

to the extent [p]laintiff's employer was negligent or otherwise caused the injuries and damages alleged by [p]laintiff" [Doc. 37]. Nor is it proper for Defendant Hanger, by this paragraph, to attempt to "eliminate [p]laintiff's employer's right to seek subrogation to the extent it is at fault" [Doc. 37].

First, "the issue of fault plays no part whatsoever in assessing liability for a workers' compensation claim." *Curtis v. G.E. Capital Modular Space*, 155 S.W.3d 877, 884 (Tenn. 2005). In other words, it is erroneous, as a threshold matter, for defendant Hanger to suggest that plaintiff's employer could ever be "at fault" under the Workers' Compensation scheme, as defendant does in paragraph 37 of its answer to plaintiff's amended complaint. Second, Tennessee Workers' Compensation Law provides explicitly, and without the limitation defendant Hanger asserts, for the right of an employer to recover against a third party by way of a subrogation lien:

> In the event of a recovery against [a] third person by the [plaintiff] . . . and the employer's maximum liability for workers' compensation . . . has been fully or partially paid and discharged, the employer shall have a subrogation lien against the recovery, and the employer may intervene in any action to protect and enforce the lien.

Tenn. Code Ann. § 50-6-112(c)(1). Paragraph 37 of defendant Hanger's answer to the amended complaint thus asserts an affirmative defense that is prohibited by Tennessee statutory law and case law. Moreover, by conflating potential workers' compensation claims with the negligence and strict liability claims plaintiff raised in her complaint, this defense confuses the issues in the case, *see FDIC v. Berry*, 659 F. Supp. 1475, 1478 (E.D. Tenn.

8

Case 3:08-cv-00011-TAV-CCS   Document 104   Filed 09/30/09   Page 8 of 9   PageID #: 1289

1987). Accordingly, defendant Hanger's allegations in paragraph 37 of its answer to plaintiff's amended complaint are not proper, and should be stricken.

## IV. Conclusion

For the reasons stated herein, plaintiff's motion to strike [Doc. 34] is hereby **GRANTED**. It is **ORDERED** that all allegations of fault against unidentified nonparties, and allegations of negligence and fault against plaintiff's employer, in both defendant Hanger's answer [Doc. 31] and defendant Turner's answer [Doc. 39], are hereby **STRICKEN**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE